**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>      v.<br><br>REGINALD WEAVER,<br><br>            Defendant. | Case No. 2:15-cr-334-APG-NJK<br><br>**Findings of Fact, Conclusions of Law And Order** |

## FINDINGS OF FACT

Based on the motion made by government counsel, and good cause appearing therefore, the Court finds that:

1. On or about October 3, 2024, the defendant waived indictment and pleaded guilty to a one count criminal information charging him with a Violation of the Sexual Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C § 2250(a) in case number 2:24-cr-00188-RFB-BNW, ECF 7. A sentencing hearing is set in that matter for January 17, 2025. 24-cr-188, ECF 17.

2. On or about March 6, 2023, the Court issued an arrest warrant for the defendant in case number 2:15-cr-334-APG-NJK on a petition for revocation of supervised release. ECF 122. After his initial appearance, the defendant was detained pending a revocation hearing. ECF 126. Following the defendant's guilty plea in case number 24-cr-188, Probation Officer Bryce Stark filed an addendum to the petition for revocation, dated October 10, 2024, which alleges additional supervised release violations arising from the

5

defendant's SORNA violation. Currently the revocation hearing is set for January 7, 2025, at 1:30 am. ECF 149.

    3.    The defendant's plea agreement in case number 24-cr-188 contained the parties' agreement for a global resolution of both the SORNA case and the revocation petition, 24-cr-188, ECF 6. The plea agreement is not binding on the Court.

    a.    Case number 24-cr-188: The defendant has pleaded guilty. The plea agreement contemplates an adjusted offense level of 12. The PSR calculated the guidelines lower than that contemplated in the plea agreement. Upon further consideration, the parties have agreed the PSR calculation is correct. As a result, the parties have now agreed that they will jointly recommend an 18-month custodial sentence. The parties will also jointly recommend that a five-year term of supervised release be imposed, concurrently to any supervised release term imposed in case number 15-CR-334.

    b.    Case number 15-cr-334: (i) The plea agreement contemplates that the defendant will appear and admit to violating the conditions of his supervision. and will further jointly recommend that that the district court sentence defendant to 24 months in custody. Given the reduction in the guidelines in case 24-cr-188, the parties have now agreed to also jointly recommend 18 months in custody for the revocation matter. The parties will jointly recommend that the two custodial sentences run concurrently to each other. The government reserves the right to argue that a new seven-year term of supervised release should be imposed. The defendant reserves the right to argue that a new five-year term of supervised release should be imposed but will not argue for any supervised release term of less than five years.

(ii) On or about October 10, 2024, the United States Probation Office filed a sentencing recommendation that provides for a 24-month custodial sentence followed by 84 months of supervised release concurrent to any supervised release term imposed in the SORNA case. Probation also recommends that the sentence for violating supervised release should run consecutive to the sentence in the SORNA case.

4. The Court must decide whether the revocation sentence should run concurrent or consecutive to the SORNA sentence. In order to do that, the SORNA sentence must be imposed before the revocation sentence. Accordingly, the government is seeking to continue the revocation hearing currently set for January 7, 2025, to a date and time after the January 17, 2025 sentencing hearing in the SORNA case.

5. Additionally, the government needs the defendant's supervising probation officer, Officer Stark, to be present at the revocation hearing so that the Court can hear from him about the defendant's compliance with the conditions of release. Officer Stark is currently out of district for medical reasons and his return date is presently unknown. However, Officer Stark advised undersigned counsel today that he should be available 30 days after the current January 7, 2025 hearing date. Accordingly, for continuity of Probation Officer Stark's participation, the government asks that the matter be continued.

6. The additional time requested herein is not sought for purposes of delay, but merely to allow the continuity of Officer Stark's participation, and to allow the Court to properly address the consecutive/concurrent issue at sentencing. The defendant is detained pending sentencing in the SORNA case, which is set for January 17, 2025 and the defendant will not be prejudiced by the continuance requested herein. Additionally, denial of this request for continuance could result in a miscarriage of justice, and the ends of

7

justice served by granting this request, outweigh the best interest of the public and the defendant in a speedy revocation hearing.

7. Defense counsel has advised the government that the defense opposes the requested continuance.

8. This is the second request to continue the hearing by motion. The matter has previously been continued five times.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the sentencing hearing in the above-captioned matter, currently scheduled for January 7, 2025, at 1:30 p.m., shall be vacated and continued to February 11, 2025, at the hour of 1:30 p.m. in Courtroom 6C.

DATED this 2nd day of January 2025.

_____
HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT COURT JUDGE

8